May 1, 2026

**<u>VIA ECF</u>**
The Honorable Jennifer L. Rochon
United States District Judge
500 Pearl Street
New York, NY 10007

*Re: Physicians for Human Rights v. U.S. Dep't of State*, 26-cv-1162 (JLR)
Joint Letter for Pretrial Conference

Dear Judge Rochon:

Pursuant to this Court's Order and Notice of Initial Pretrial Conference, ECF No. 7, counsel for the parties in the above-named action write in advance of the pretrial conference scheduled for May 11, 2026, at 11:30 AM. The requested information is set forth below.

As an initial matter, the parties respectfully request that they be relieved of the obligation to file a case management plan. Because this is an action filed pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the parties do not currently foresee the need for discovery, on the understanding that the parties will continue to confer and submit joint updates to the Court regarding the agency's progress in processing Plaintiffs' FOIA requests. Moreover, pursuant to Local Civil Rule 16.1, the case is exempt from the requirement of a mandatory scheduling order contained in Fed. R. Civ. P. 16(b). The parties expect that this case will be resolved either through the parties' agreement, or by the submission of cross-motions for summary judgment. *See Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994). Accordingly, most of the fields in the Court's proposed case management plan form are not relevant to this case. The parties have addressed all applicable portions of the proposed case management plan below. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge.

Additionally, as explained at the conclusion of this letter, the parties believe it would be most efficient to adjourn the pretrial conference and propose that it be rescheduled for June 11 or 12, 2026.

### 1.  Nature of the action and principal defenses

Plaintiffs Physicians for Human Rights ("PHR") and Council for Global Equality ("CGE") bring this action under the Freedom of Information Act ("FOIA") to compel Defendant the U.S. Department of State ("State") to search for and release records concerning the President's Emergency Plan for AIDS Relief ("PEPFAR").

Plaintiffs submitted two FOIA requests to State on December 22, 2025. The first request seeks: "All data sets containing PEPFAR Monitoring, Evaluation, and Reporting ('MER') data used or prepared for Panorama or Panorama Spotlight that include any Fiscal Year ('FY') 2025 data for any Monitoring, Evaluation, and Reporting ('MER') indicators." Compl. ¶ 10. This request seeks records from October 1, 2024, until the date of the search. Plaintiffs' second request seeks: "All documents, attachments, and files for the FY2026 PEPFAR Bridge Budgets, which

include final, approved Bridge Plans, memoranda including planning level budgets, the approved Bridge Plan Budgets as submitted to the Global Health Security and Diplomacy Bureau ('GHSD'), and the approved Bridge Plan targets as submitted to GHSD." *Id.* ¶ 18. This request seeks records from July 1, 2025, until the date of the search. State has aggregated Plaintiffs' requests for processing.

State has completed its searches for records responsive to Plaintiffs' FOIA request for approved Bridge Plan Budgets. State's search for records responsive to Plaintiffs' FOIA request for data sets is ongoing. At this time, State has identified approximately 34 potentially responsive documents based on its searches to date. State has completed its responsiveness review of records located in response to the request for Bridge Plan Budgets and has begun processing those records. State anticipates making its first production in late June and rolling productions thereafter every six weeks of any responsive, non-exempt records. State agrees to advise Plaintiffs once the responsiveness review of the data sets is completed and, by May 11, 2026, to advise Plaintiff of the exact date when it anticipates making its first production.

## 2. Jurisdiction and venue

This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B), including because Plaintiff PHR is located in the State of New York, maintains headquarters within this district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## 3. Contemplated and/or outstanding motions

Because Plaintiffs maintain the records they seek concern live issues that will shed light on whether millions of people are receiving the life-saving care they need to survive, Plaintiffs would contemplate moving for an order setting a processing schedule if State does not meet the deadlines represented above, *supra,* 1. Nature of the action and principal defenses, or is otherwise unreasonably delayed in processing Plaintiffs' FOIA requests.

Plaintiffs note that the President's Emergency Plan for AIDS Relief, or PEPFAR, program that State oversees has been credited with saving millions of lives in the global fight to combat HIV infection, deaths, and disease.[1] But that program has been disrupted by the Trump-Vance Administration's policy machinations, including last year's aid pause and the shuttering of the U.S. Agency for International Development.[2] At the same time, State is withholding data it has historically released that would allow the public to assess the extent to which the Administration's actions have led to the preventable infection, disease, and/or deaths of thousands of individuals due to the withdrawal of lifesaving care. Last week, State released PEPFAR data for FY 2025 Q4 *only*,[3] without releasing data for the remaining quarters of FY 2025, precisely when the Trump-Vance Administration initiated some of its most disruptive policy changes. On the same day of

---

[1] Ellora Onion-De, *PEPFAR Has Saved Tens of Millions of Lives. Why Is It at Risk?*, Council on Foreign Relations (Aug. 11, 2025), https://perma.cc/LK5E-3W6P.

[2] *Id.*

[3] U.S. Dep't of State, *PEPFAR Data Release* (Apr. 20, 2026), https://perma.cc/G7JE-FL5D.

State's partial data release, the agency's Chief Science Officer at PEPFAR resigned and publicized his concerns that "access to treatment or prevention" is "becom[ing] entangled with access to critical minerals" and "geopolitical positioning."[4] As one example, media outlets report that State gave Zambia a deadline of yesterday (April 30) to grant American firms preferential access to its mineral resources or risk losing PEPFAR funding that supports HIV treatment for 1.3 million people.[5]

State's position is that because, as explained above, its search for the data sets that Plaintiffs have requested is ongoing, it is premature to set a processing schedule at this time. State will provide a further update to Plaintiffs by May 11, 2026, and advise when its responsiveness review of the data files is completed.

**4. Discovery**

As is typical of FOIA cases, the parties expect this case to be resolved without need for discovery, on the understanding that the parties will continue to confer and file scheduled updates to the Court on the agency's processing of Plaintiffs' FOIA requests.

**5. Prospect of settlement**

Since the filing of this case, the parties have conferred via email, but have not reached any agreements regarding settlement.

**6. Estimated length of trial**

The parties expect this case to be resolved without need for trial, as is typical of FOIA cases. The parties expect that any contested issues will be resolved through cross-motions for summary judgment.

**7. Other information**

The parties propose filing a joint status report with the Court on June 1, 2026.

The parties respectfully request that the initial conference scheduled for May 11, 2026, be adjourned and propose that it be rescheduled for June 11 or 12, by which time State will have advised Plaintiff of the anticipated date of its first production, and the parties will have had the opportunity to confer. We appreciate the Court's consideration of this matter.

---

[4] Mike Reid, *Stepping Away, Reimagining Global Health* (Substack) (Apr. 2026), https://perma.cc/5TAK-95VT.

[5] *Is the U.S. Forcing Zambia to Trade Minerals for Lives?*, Al Jazeera (Apr. 29, 2026), https://www.aljazeera.com/video/2026/4/29/is-the-us-forcing-zambia-to-trade-minerals-for-lives; Apoorva Mandavilli, *U.S. Considers Withholding H.I.V. Aid Unless Zambia Expands Minerals Access*, N.Y. Times (Mar. 16, 2026), https://perma.cc/F8VC-YDKY.

Respectfully submitted,

| | |
|---|---|
| */s/ Amy C. Vickery* | JAY CLAYTON |
| Amy C. Vickery | United States Attorney for the Southern |
| (S.D.N.Y Bar No. 5942271) | District of New York |
| Daniel A. McGrath | |
| (S.D.N.Y. Bar No. 5541198) | |
| Robin F. Thurston | |
| (D.C. Bar No. 7268942)* | By: */s/ Dominika Tarczynska* |
| Democracy Forward Foundation | Dominika Tarczynska |
| P.O. Box 34553 | Assistant United States Attorney |
| Washington, D.C. 20043 | Southern District of New York |
| (202) 448-9090 | 86 Chambers Street, 3rd Floor |
| avickery@democracyforward.org | New York, NY 10007 |
| dmcgrath@democracyforward.org | Tel: (212) 637-2748 |
| rthurston@democracyforward.org | Fax: (212) 637-2686 |
| | dominika.tarczynska@usdoj.gov |
| *Counsel for Plaintiffs* | |
| | *Counsel for Defendant* |
| * *Admitted pro hac vice* | |

4